UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER MCCOTTRELL,

    Petitioner,

    v.

ROBERT L. AYERS, Warden,

    Respondent.
_____/

No. C 07-1089 PJH

**ORDER TO SHOW CAUSE**

Petitioner Walter McCottrell ("McCottrell"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

In 1977, McCottrell was convicted of kidnaping for robbery following a court trial in Santa Clara County, and thereafter sentenced to seven years to life in prison on October 28, 1977. Around the same time, McCottrell pled guilty in San Diego County to two counts of robbery in the first degree, and was sentenced to fifteen years to life in prison with a five-year to life enhancement for use of a firearm. He is now serving concurrent sentences.

McCottrell claims to have appeared before California's Parole Board on thirteen different occasions since 1983, the most recent of which occurred on October 3, 2006. McCottrell contends that the board has repeatedly denied him release based solely on his commitment offense.

## DISCUSSION

**A.    Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Legal Claims**

Petitioner seeks federal habeas corpus relief, raising a due process claim with essentially three sub-parts. He claims that the Parole Board's repeated denial of his release on parole violates his due process rights because: (1) it is based solely on his commitment offenses; (2) that parole suitability hearings have been "sham" hearings; and (3) that the state law applied by the Parole Board is void for unconsitutional vagueness. Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondents.

**CONCLUSION**

For the foregoing reasons and for good cause shown

1.      The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2.      Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3.      If the petitioner wishes to respond to the answer, he shall do so by filing a

////

Habeas.osc

2

traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   March 20, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

Habeas.osc