UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER MCCOTTRELL,

    Petitioner,

    v.

ROBERT L. AYERS, Warden,

    Respondent.

_____/

No. C 07-1089 PJH

**ORDER FOR FURTHER BRIEFING RE: CLARIFICATION OF PETITIONER'S CLAIMS AND RE: EXHAUSTION**

On February 22, 2007, petitioner Walter McCottrell ("McCottrell"), a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 20, 2007, this court issued an order to show cause requiring respondent to respond. In that OSC, the court noted that McCottrell raised a due process claim with essentially three sub-parts. He claims that the Parole Board's repeated denial of his release on parole violates his due process rights because: (1) it is based solely on his commitment offenses; (2) that parole suitability hearings have been "sham" hearings; and (3) that the state law applied by the Parole Board is void for unconstitutional vagueness. Respondent filed its opposition on May 25, 2007. McCottrell failed to file a reply by the June 24, 2007 deadline.

Although McCottrell framed his federal habeas petition in a manner that suggests that he is challenging numerous parole denials, respondent's opposition focuses only on the Parole Board's 2004 denial. Aside from McCottrell's July 21, 2006 petition for review to the California Supreme Court, neither party included the actual habeas petitions filed with

1  the California Superior Court or Court of Appeal, but submitted only the state courts'
2  postcard denials.  Given the state of the record, this court is unable to ascertain which
3  claim(s) McCottrell presented to the state courts for purposes of determining whether he
4  exhausted the claims raised in the instant petition.  Additionally, since McCottrell failed to
5  reply to respondent's opposition, the court is unable to ascertain whether McCottrell agrees
6  with respondent's construction of his claims, which limits them to the Parole Board's 2004
7  denial.

Given these issues, further clarification and briefing is required before the court may address McCottrell's petition on the merits.  McCottrell is ORDERED to file and serve **no later than August 24, 2007,** a supplemental brief clarifying the scope of his claims, and specifically stating whether he is challenging only the Parole Board's 2004 denial or other denials as well.  If McCottrell is broadly challenging the Parole Board's denials in years other than 2004, then McCottrell is ORDERED to demonstrate in his supplemental brief and any supporting documents that he exhausted such claims before the state courts.  To the extent that McCottrell, in supplemental briefing, clarifies that he intended to challenge the Parole Board's denials in years other than 2004, respondent shall file and serve **no later than September 24, 2007,** a supplemental opposition, which addresses both the exhaustion and the merits of such claims.  McCottrell may file and serve a reply, if any, **no later than October 9, 2007.**

**IT IS SO ORDERED.**

Dated:   August 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2